# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

Sanders                                               Civil Action No. 10-1450

versus                                                Judge Tucker L. Melançon

Ocwen Loan Servicing                     Magistrate Judge Patrick J. Hanna


## ORDER

Before the Court is pro-se Petitioner, Rusty Sanders, Petition For Preliminary Injunction [Rec. Doc. 2] related to "a consumer contract for the refinance of a primary residence" from which Petitioner contends "defendant has made it clear that foreclosure and eviction from the property are imminent."

The Fifth Circuit has explained that "[a] temporary restraining order is a 'stay put,' equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation." *Foreman v. Dallas County, Tex.*, 193 F.3d 314, 323 (5th Cir.1999). A TRO or preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.*, 752 F.2d 1092, 1096 (5th Cir.1985). In order to obtain injunctive relief, the plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs

the harm the injunctive order would inflict on the non-movant; and (4) the injunctive order would serve the public interest.  *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001).

In his "Original Petition," (hereinafter "Complaint") Petitioner makes the following allegations: (1) "Defendants acted in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant;" (2) "Defendants committed numerous acts of fraud against petitioner in furtherance of a carefully crafted scheme intended to defraud Petitioner;" (3) "Defendants failed to make proper notices to Petitioner that would have given Petitioner warning of the types of tactics used by Defendants to defraud Petitioner;" (4) "Defendants charged false fees to Petitioner at settlement;" (5) "Defendants used the above referenced false fees to compensate agents of Petitioner in order to induce said agents to breach their fiduciary duty to Petitioner;" and (6) "Defendant's attorney caused to be initiated collection procedures, knowing said collection procedures in the instant action were frivolous as lender is estopped from collection procedures, under authority of Uniform Commercial Code 3-501, subsequent to the request by petitioner for the production of the original promissory note alleged to create a debt."

While the Court is confused as to the exact allegations against "Defendants," in any event, Petitioner has not established that he is entitled to a temporary

2

restraining order for the alleged fraudulent acts.  *See* Federal Rule of Civil Procedure 9(b).  Moreover, Petitioner's Complaint states that "Currently Known Defendant(s) are/is: Ocwen Loan Servicing, ... by and through its attorney."  The record of void of any notice of service to Ocwen Loan Servicing and Petitioner states in the Motion that the Court should enter the preliminary injunction without notice to defendant. Rule 65(a) (1) of the Federal Rules of Civil Procedure provides that no preliminary injunction may be issued unless the adverse party has notice.  *See Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir.1999). "Compliance with Rule 65(a)(1) is mandatory." *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir.1992). A temporary restraining order may be granted without notice only if the requesting party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and that efforts have been expended to give notice to the adverse party. See Fed. R. Civ. P. 65(b).  Furthermore, the requesting party must give security in the amount the court deems proper, unless the party is the United States or one of its officers or agencies. See Fed. R. Civ. P. 65(c).

Based on the record before the Court, it is therefore

**ORDERED** that Petitioner's Motion For Preliminary Injunction [Rec. Doc. 2] is **DENIED**.  Petitioner will be permitted to supplement or amend his Complaint to state with specificity the basis on which his request for a temporary restraining order

is being sought.

**IT IS FURTHER ORDERED** that Petitioner serve Ocwen Loan Servicing with a copy of the Complaint, *R. 1*, as well as any supplemental or amended Complaint, as set out above, within ten (10) days of the entry of this Order.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 23rd day of September, 2010.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE