# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Sanders                                              Civil Action No. 10-1450

versus                                               Judge Tucker L. Melançon

Ocwen Loan Servicing                                 Magistrate Judge Patrick J. Hanna

## MEMORANDUM RULING

Before the Court is an unopposed[1] motion for summary judgment filed by defendant Ocwen Loan Servicing ("Ocwen") seeking dismissal of all claims brought against it by plaintiff, Rusty Sanders. [Rec. Doc. 18]. The fact that Ocwen's motion is unopposed does not necessarily mean Ocwen should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem Ocwen's statement of uncontested material facts admitted for purposes of the motion. Local Rule 56.2W.

The undisputed facts of this matter, *R. 18-2, Stmt. Of Uncontested Fact*, provide that on January 31, 2007, plaintiff purchased property located at 207 Wilbourn Blvd., Lafayette, Louisiana 70506. *Id., Exh. 1, Cash Sale Deed.* Plaintiff obtained a mortgage loan from GE Money Bank in the original principal amount of $133,000 in order to fund the purchase of the property, and executed a mortgage to secure the loan. *Id., Exh. 2, Mortgage.* The initial loan servicer was Litton Loan Servicing. On October 30, 2007, Saxon Mortgage Services,

---

[1] Pursuant to L.R. 7.5W, the deadline for filing any opposition to Ocwen's motion was May 9, 2011.

Inc. became the loan servicer. Finally, on November 16, 2009, Ocwen became the loan servicer for Sanders' loan.

Rusty Sanders filed this action against sole defendant, Ocwen Loan Servicing, on September 17, 2010. *R. 1, Compl.* The twenty-five page Complaint consists mostly of generalized allegations against "unscrupulous lenders" and the entire "mortgage system itself." See, e.g., *Id. at 2-5* (discussing the general state of the real estate industry and the "best of intentions"). The Complaint also refers to "Defendants," although plaintiff has only named a single defendant - Ocwen Loan Servicing, LLC - an entity about which plaintiff fails to make any specific allegations. The Complaint contains almost no specific factual information, but apparently relates to the origination of the loan on the property for $133,000.00 at 11.2690% interest over 30 years. *Id. at 3*. Plaintiff does not identify the lender, the type of loan, any other loan terms, or the date of the loan transaction. Beginning on page 19 of the Complaint, plaintiff alleges six causes of action: (1) Breach of Fiduciary Duty against her "Agent, appraiser, trustee, Lender, et al"; (2) Negligence/Negligence Per Se against "Defendants" but alleging a breach of the duty of care associated with pre-loan and point of loan activity; (3) Common Law Fraud against "Agents" relating to actions taken to induce plaintiff into entering into a loan; (4) Breach of Implied Covenant of Good Faith and Fair Dealing against "Defendants" and "Agent" but failing to identify the contracts from which the covenant arises; (5) Truth In Lending Act ("TILA") Violation, 15 U.S.C. § 1601, *et al*, against "Defendant"; and (6) Intentional Infliction of Emotional Distress against "Defendants," arising from unspecified action of "Defendants." Plaintiff's Complaint concludes with a prayer of relief for, inter alia, rescission, compensatory damages in the amount of $864,407.73, punitive damages in the amount of $2,593,223.19, and pain and suffering in an unspecified amount. *Id. at 23-241*.

In its motion for summary judgment, Ocwen argues that plaintiff's Complaint is in actuality "a manifesto of the sins of the residential finance industry (both real and imaginary) including a lengthy description of a 'carefully crafted criminal connivance.'" Pointing to plaintiff's use of generic terms, such as agent, trustee, lender, defendant, and defendants and the lack of allegations supporting the claims, Ocwen further contends that the format of the Complaint demonstrates that plaintiff has simply utilized a "form" complaint inserting Ocwen's name only twice in the Complaint, first in the style (heading) of the case and as the named defendant in the second paragraph, *Id., l. 12*.[2] Ocwen maintains that while the Complaint may demonstrate claims against "her lender (GE Money Bank), her agent (Brandon Landry/REMAX Acadiana), the appraiser (Michael K. Taylor), the broker (Coast Capital, Inc.), or perhaps the closing attorney (Michael Billeaud, Esq.)," these entities are not parties to this action, and therefore, the allegations do not demonstrate a claim against it.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir.2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes XX, Inc.*, 109 F.3d 1070, 1074 (5th Cir.1997). When the moving party, has met its

---

[2] The Court notes that the following unreported cases cite pleadings identical to those in plaintiff's Complaint: *Wootten v. BAC Home Loans Servicing, LP*, 2011 WL 500067, 5 (N.D.Cal.,2011); *Rai v. GMAC Mortg.*, 2011 WL 337842, 7 (N.D.Cal.,2011); and, *Shakir v. Chase Home Finance, N.A.*, 2011 WL 666516, 1 (N.D.Miss.,2011).

3

Rule 56(c) burden, the nonmoving party, cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004) (citation omitted).

As to allegations in her Complaint, plaintiff initially lists what she expects to prove in this case by generally describing wrongful acts which she alleges occurred during her loan process by either the "Lender," or "Agent," i.e. "Lender conspired with Agents, et al, to strip Petitioner of [her] equity in the property by inducing [her] to enter into a predatory loan inflated loan product." *R. 1, pp. 6, ll 173-175, -7*. Plaintiff then expands on these allegations in part, and further explains how the "Lender", "Agent" or "Broker" generally enacted the various wrongdoings, i.e. "Lender, after deliberately creating a loan intended to default is now in a position to bet on credit default swap, commonly referred to as a derivative...." *Id., pp. 8-19*. Plaintiff names no specific entity or person in her allegations nor does she provide any specific instances as to the alleged wrongful acts.[3]

The record indicates that Ocwen did not become the loan servicer with regard to plaintiff's mortgage until November 2009, almost three years after the January 2007 loan was created. Plaintiff bears the burden of proof at trial on all elements of her claims, yet she has failed to adduce any evidence whatsoever to sustain a claim against Ocwen. Accordingly,

---

[3] Had Ocwen not filed for summary judgment, plaintiff's Complaint would be dismissed under Rule 12(b)(6). *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir., 1998) ("The district court may dismiss an action on its own motion under Rule 12(b)(6) "as long as the procedure employed is fair."). Plaintiff's Complaint makes no factual allegation that Ocwen, in its capacity as the mortgage loan servicer (or in any other capacity), committed a wrong or misdeed against plaintiff such that she could be awarded any relief against Ocwen. Thus, plaintiff has failed to state a claim with sufficient particularity against Ocwen under any of her alleged theories of liability, as required by Rule 8(a)(2) and the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."), and more recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009).

the Court must grant Ocwen Loan Servicing, LLC's motion for summary judgment dismissing plaintiff's claims against it.